UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENYATTA BRIDGES, | ) | No. 14 C 5364 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| J. M. RUMBAUGH #5876, D. L. CALLE #19423, | ) | Chief Judge Ruben Castillo |
| S. T. PIETRZAK #2278, RAPUNZEL A. | ) | |
| WILLIAMS #29829, MOULAY R. ABDULLAH | ) | Magistrate Sidney I. Schenkier |
| #12068, PATRINA L. WINES #47144, MONIQUE | ) | |
| WASHINGTON #1579, UNIDENTIFIED CITY | ) | |
| OF CHICAGO POLICE OFFICERS, individually | ) | |
| and as Agents of the Chicago Police Department | ) | |
| and the City of Chicago, Illinois, CITY OF | ) | |
| CHICAGO, ILLINOIS, A Municipal Corporation | ) | |
| and Body Politic, | ) | Jury Demanded |
|     Defendants. | ) | |

**AMENDED COMPLAINT OF VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW (TITLE 42 U.S.C. SECTION 1983; PENDENT STATE LAW CLAIM OF BODILY INJURY -- WILLFUL AND WANTON CONDUCT)**

PLAINTIFF complains of the Defendants as follows:

**Count I – 42 U.S.C. Section 1983 (Excessive Force)**

1. Jurisdiction is based on Title 28 U.S.C. Section 1331, as this lawsuit invokes Title 42 U.S.C. Section 1983, a statute or law of the United States of America.

2. Venue is appropriate before this Court, as all events transpired within the County of Cook, State of Illinois, within the geographic expanse of this Court.

3. Plaintiff was on about July 15, 2013, an arrestee and detainee of the Defendants J. M. RUMBAUGH #5876, D. L. CALLE #19423, S. T. PIETRZAK #2278, RAPUNZEL A. WILLIAMS #29829, MOULAY R. ABDULLAH #12068, PATRINA L. WINES #47144, MONIQUE WASHINGTON #1579, and UNIDENTIFIED CITY OF

CHICAGO POLICE OFFICERS ("Unidentified Chicago Police Officers").

4. On that date the arresting Chicago Police Officers, including, upon information and belief, J. M. RUMBAUGH #5876 ("Rumbaugh"), D. L. CALLE #19423 ("Calle"), S. T. PIETRZAK #2278 ("Pietrzak"), RAPUNZEL A. WILLIAMS #29829 ("R. Williams"), MOULAY R. ABDULLAH #12068 ("Abdullah"), PATRINA L. WINES #47144 ("Wines"), MONIQUE WASHINGTON #1579 ("M. Washington"), and other Unidentified Chicago Police Officers locked Plaintiff inside a rear compartment of a police vehicle without sufficient aeriation or capacity comfortably to maintain Plaintiff. The Defendants Rumbaugh, Calle, Pietrzak, R. Williams, Abdullah, Wines, M. Washington, and Unidentified Chicago Police Officers were using their office and authority as law enforcement officers to arrest, detain and transport Plaintiff, and as such were acting at all times relevant to this Complaint under color of law.

5. Defendants Rumbaugh, Calle, Pietrzak, R. Williams, Abdullah, Wines, M. Washington, and Unidentified Chicago Police Officers maintained Plaintiff in the locked compartment for several hours, while, upon information and belief, they made rounds and engaged in tangential errands, including detaining and transporting one or two female arrestees. During this time period, Defendants Rumbaugh, Calle, Pietrzak, R. Williams, Abdullah, Wines, M. Washington, and Unidentified Chicago Police Officers maintained Plaintiff in the locked rear compartment at all times, without checking on his well-being or ensuring his safety.

6. Upon information and belief, Defendant Rumbaugh, Calle, Pietrzak, R. Williams, Abdullah, Wines, M. Washington, and Unidentified Chicago Police Officers maintained the female arrestees and detainees in the cabin or sedan portion of the vehicle in which Plaintiff was

2

locked and restrained. Unlike the locked rear compartment of the vehicle where Plaintiff was restrained, the female detainees were restrained and kept in an area of the vehicle intended for transportation of passengers including detainees.

7. Plaintiff was kept locked inside the compartment of the police vehicle by the Defendants Rumbaugh, Calle, Pietrzak, R. Williams, Abdullah, Wines, M. Washington, and Unidentified Chicago Police Officers for several hours, as a consequence of which Plaintiff suffered heat stroke, loss of consciousness, and, upon information and belief, temporary and permanent cerebral damage, including loss of ability to speak intelligently.

8. At all times relevant to this Complaint, Defendants Rumbaugh, Calle, Pietrzak, R. Williams, Abdullah, Wines, M. Washington, and Unidentified Chicago Police Officers owed to all detainees, including Plaintiff, a duty to maintain a safe physical environment for detainees while transporting them, and to provide and maintain all vehicles and environments in a reasonably safe condition so as to avoid accidents and injuries including those caused by exposure to excessive heat.

9. At all times relevant to this Complaint, Defendants and their agents knew or should have known that Plaintiff, by virtue precisely of his detention by Defendants Rumbaugh, Calle, Pietrzak, R. Williams, Abdullah, Wines, M. Washington, and Unidentified Chicago Police Officers, were completely dependent upon Defendants for his physical needs.

10. At all times relevant to this Complaint, Defendants Rumbaugh, Calle, Pietrzak, R. Williams, Abdullah, Wines, M. Washington, and Unidentified Chicago Police Officers additionally owed to detainees, including Plaintiff, a duty to ensure that reasonable needs for medical treatment of detainees, including Plaintiff, were met and that access to medical

3

treatment and care was afforded or facilitated so as to address detainees' medical issues with reasonable promptness and dispatch.

11. Plaintiff's heat stroke and injuries were directly and proximately caused by Defendants Rumbaugh, Calle, Pietrzak, R. Williams, Abdullah, Wines, M. Washington, and Unidentified Chicago Police Officers' failure to maintain a safe environment for Plaintiff and failure to secure medical care and attention for Plaintiff.

12. The Defendants Rumbaugh, Calle, Pietrzak, R. Williams, Abdullah, Wines, M. Washington, and Unidentified Chicago Police Officers who locked Plaintiff inside the overheated vehicle delayed conducting Plaintiff to a clinic where Plaintiff could receive medical care. In so doing, Defendants Rumbaugh, Calle, Pietrzak, R. Williams, Abdullah, Wines, M. Washington, and Unidentified Chicago Police Officers acted in reckless, willful and wanton disregard of Plaintiff and his injuries, and of Plaintiff's need for immediate medical care and treatment.

13. Defendants' reckless, willful and wanton acts and omissions directly and proximately caused damage to Plaintiff in that Plaintiff suffered permanent injury, incurred expenses for medical treatment and therapy, lost time and working capacity from his employment and suffer limitation on use of various parts of Plaintiff's body and endure substantial past and future pain and suffering.

Wherefore, Plaintiff KENYATTA BRIDGES requests that this Court enter judgment in his favor against Defendants J. M. RUMBAUGH #5876, D. L. CALLE #19423, S. T. PIETRZAK #2278, RAPUNZEL A. WILLIAMS #29829, MOULAY R. ABDULLAH #12068, PATRINA L. WINES #47144, MONIQUE WASHINGTON #1579, UNIDENTIFIED CITY OF

CHICAGO POLICE OFFICERS, individually and as Agents of the Chicago Police Department and the City of Chicago, Illinois, and Defendant CITY OF CHICAGO, ILLINOIS, A Municipal Corporation and Body Politic, jointly and severally, in a sum in excess of $75,000.00, with Plaintiff's costs being awarded to him and taxed against Defendants.

**Count II – 42 U.S.C. Section 1983 (Race-Based Differential Treatment causing injury; Equal Protection Clause violation)**

14.-26. Plaintiff repeats the allegations of paragraphs 1 through 13 inclusive, as though fully set forth herein.

27. Plaintiff is of Black race.

28. Defendants Rumbaugh, Calle, Pietrzak, R. Williams, Abdullah, Wines, M. Washington, Unidentified Chicago Police Officers, upon information and belief, neglected Plaintiff's health and safety needs, and exposed Plaintiff to injury including loss and consciousness, heat stroke, and other maladies, as set forth herein, in whole or in part, because Plaintiff is a member of the Black race.

29. Similarly situated non-Black arrestees and detainees, upon information and belief, are not exposed to injury by being locked in non-passenger compartments of police vehicles.

30. The differential treatment of Plaintiff described hereinabove violates Plaintiff's right to Equal Protection of the law under the Fourteenth Amendment to the U.S. Constitution.

Wherefore, Plaintiff KENYATTA BRIDGES requests that this Court enter judgment in his favor against Defendants J. M. RUMBAUGH #5876, D. L. CALLE #19423, S. T. PIETRZAK #2278, RAPUNZEL A. WILLIAMS #29829, MOULAY R. ABDULLAH #12068, PATRINA L. WINES #47144, MONIQUE WASHINGTON #1579, UNIDENTIFIED CITY OF

CHICAGO POLICE OFFICERS, individually and as Agents of the Chicago Police Department and the City of Chicago, Illinois, and Defendant CITY OF CHICAGO, ILLINOIS, A Municipal Corporation and Body Politic, jointly and severally, in a sum in excess of $75,000.00, with Plaintiff's costs being awarded to him and taxed against Defendants.

**Count III – 42 U.S.C. Section 1983 (Sex-Based Differential Treatment causing injury; Equal Protection Clause violation)**

31.-43. Plaintiff repeats the allegations of paragraphs 1 through 13, inclusive, of Count I as though fully set forth herein.

44. Plaintiff is male.

45. Defendants Rumbaugh, Calle, Pietrzak, R. Williams, Abdullah, Wines, M. Washington, and Unidentified Chicago Police Officers, upon information and belief, neglected Plaintiff's health and safety needs, and exposed Plaintiff to injury including loss and consciousness, heat stroke, and other maladies, as set forth herein, in whole or in part, because Plaintiff is male.

46. Similarly situated female arrestees and detainees, upon information and belief, are not exposed to injury by being locked in non-passenger compartments of police vehicles.

47. The differential treatment of Plaintiff described hereinabove violates Plaintiff's right to Equal Protection of the law under the Fourteenth Amendment to the U.S. Constitution.

Wherefore, Plaintiff KENYATTA BRIDGES requests that this Court enter judgment in his favor against Defendants J. M. RUMBAUGH #5876, D. L. CALLE #19423, S. T. PIETRZAK #2278, RAPUNZEL A. WILLIAMS #29829, MOULAY R. ABDULLAH #12068, PATRINA L. WINES #47144, MONIQUE WASHINGTON #1579, UNIDENTIFIED CITY OF

CHICAGO POLICE OFFICERS, individually and as Agents of the Chicago Police Department and the City of Chicago, Illinois, and Defendant CITY OF CHICAGO, ILLINOIS, A Municipal Corporation and Body Politic, jointly and severally, in a sum in excess of $75,000.00, with Plaintiff's costs being awarded to him and taxed against Defendants.

**Count IV –PENDENT STATE LAW CLAIM - BODILY INJURY; WILLFUL AND WANTON CONDUCT**

48.-60. Plaintiff repeats the allegations of paragraphs 1 through 13, inclusive, of Count I as though fully set forth herein.

61. Defendants Rumbaugh, Calle, Pietrzak, R. Williams, Abdullah, Wines, M. Washington, and Unidentified Chicago Police Officers, upon information and belief, neglected Plaintiff's health and safety needs, and exposed Plaintiff to injury including loss and consciousness, heat stroke, and other maladies, as set forth herein, in whole or in part, such that their conduct amounts to willful and wanton conduct.

Wherefore, Plaintiff KENYATTA BRIDGES requests that this Court enter judgment in his favor against Defendants J. M. RUMBAUGH #5876, D. L. CALLE #19423, S. T. PIETRZAK #2278, RAPUNZEL A. WILLIAMS #29829, MOULAY R. ABDULLAH #12068, PATRINA L. WINES #47144, MONIQUE WASHINGTON #1579, UNIDENTIFIED CITY OF CHICAGO POLICE OFFICERS, individually and as Agents of the Chicago Police Department and the City of Chicago, Illinois, and Defendant CITY OF CHICAGO, ILLINOIS, A Municipal Corporation and Body Politic, jointly and severally, in the sum in excess of $75,000.00, with Plaintiff's costs being awarded to him and taxed against Defendants.

Jury demanded.

KENYATTA BRIDGES,


By:____/S/__ Michael J. Greco _____
    Michael J. Greco
    Attorney for Plaintiff


Atty. No.  06201254
Michael J. Greco
Attorney for Plaintiff
175 W. Jackson Blvd., Suite 1600
Chicago, Illinois  60604
312 222-0599